IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GROTEAPPROACH, LTD., a Texas Limited Partnership, § § § | |
| Plaintiff, § § | |
| v. § | Civil Action No. 3:04-CV-2735-BF |
| M. FLETCHER REYNOLDS, § § | |
| Defendant. § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff GroteApproach, Ltd.'s ("Plaintiff") Motion to Remand, filed February 1, 2005. Defendant M. Fletcher Reynolds ("Defendant") filed Response in Opposition to GroteApproach, Ltd.'s Motion to Remand on February 18, 2005 ("Response"). Having considered the Motion to Remand, the Response, and the applicable law, for the reasons stated below, the Court determines that the Motion to Remand is **DENIED**.

**I.      Background**

This case involves a legal malpractice claim wherein Plaintiff alleges that Defendant negligently failed to timely file a patent application. (Pl.'s Br. at 1.; Def.'s Resp. at 1.) Plaintiff filed this action on December 10, 2004 in the County Court of Dallas County, Texas, and Defendant removed the case to the District Court on December 28, 2004. (Def.'s Resp. at 2; Notice of Removal at 1.) Plaintiff now moves to remand on the basis that this Court lacks subject matter jurisdiction. (Pl.'s Mot. at 1.)

Plaintiff asserts that the "Court lacks subject matter jurisdiction because this case does not arise under the U.S. patent laws." (Pl.'s Br. at 2.) Plaintiff states, "This case can stand or fall on whether legal malpractice was committed," and therefore, "the patent law 'issue' . . .

involved [is] not necessary to the overall success of [the] claim before it." (Pl.'s Br. at 2.) Defendant on the other hand asserts that Plaintiff must at a minimum prove that some element of the system at issue was patentable and that the deadline under 35 U.S.C. § 102(b) was missed. (Defs.' Resp. at 3.)  Otherwise, Defendant contends that Plaintiff's malpractice claim would not prevail because Plaintiff would not be able to prove negligence, causation, or damages. (*Id*. at 3-4.)

## II.     Analysis

"The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents . . . ." 28 U.S.C. § 1338(a).  However, "§ 1338(a) jurisdiction . . . extend[s] only to those cases in which a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808-09 (1988) (citations omitted).

The Court agrees with Defendant that Plaintiff must necessarily prove that it possessed something patentable, and also that the deadline under 35 U.S.C. § 102(b) was missed. Defendant cannot be shown to have been negligent in his untimely filing of a patent application, if there was no patentable subject to begin with or if the text of 35 U.S.C. § 102(b) will still allow the timely filing of the application.  Therefore, it appears that "plaintiff's right to relief" in its legal malpractice claim does "necessarily depend[] on resolution of . . . substantial question[s] of federal patent law" (*Christianson*, 486 U.S. at 809), and thus, this Court does not lack subject matter jurisdiction in this case.

**III.     Conclusion**

For the reasons stated above, this Court determines that the Motion to Remand is **DENIED**.

**SO ORDERED.**  August 9, 2005.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE